UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHN D. WESTLEY,   CIVIL NO. 11-3704 (JNE/JSM)

    Plaintiff,

v.   REPORT AND RECOMMENDATION

JAMES ROBERT MANN, et al.,

    Defendants.

The above matter came on before the undersigned upon this Court's Order to Show Cause [Docket No. 130], and plaintiff's Motion for the Entry of a Judgment by Default against the Defendants James Robert Mann and Mitchell P. Korus [Docket No. 131]. Plaintiff has filed a response to this Court's Order to Show Cause. See Docket No. 134. No response was received from Mann or Korus as to plaintiff's motion. This matter was decided on the papers.

These motions have been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and Local Rule 72.1(c).

## I.    ORDER TO SHOW CAUSE

In its Order to Show Cause, the Court required the following from plaintiff John D. Westley:

> [O]n or before September 4, 2013, plaintiff shall show good cause in writing why this case should not be dismissed for failure to prosecute the matter against the remaining defendants James Robert Mann, Mitchell P. Korus, Dylan Pukel, and Jennifer Viciedo Ruiz. Failure to comply with this order may result in the imposition of sanctions, including dismissal of this action.

Order to Show Cause dated August 21, 2013 [Docket No. 130]. The Court also noted that Dylan Pukel and Jennifer Viciedo Ruiz had not been served with the Summons and Complaint. Id.

Westley responded to the Order to Show Cause by filing the motion for default against defendants James Robert Mann and Mitchell P. Korus [Docket No. 131], which this Court addresses below. In addition, he submitted a response to this Court's Order to Show Cause [Docket No. 134]. In this response, Westley stated that he has not yet served Pukel or Ruiz. As to Ruiz, Westley represented that he was seeking to have her dismissed from this action without prejudice. See Plaintiff Good Cause Showing and Leave for Ordered Marshal Service upon Dylan Puke [Docket No. 134] ("Plaintiff's Response"), p. 2. With regard to Pukel, Westley asserted that Pukel has "repeatedly evaded and denied acceptance of service preventing due process prosecution in this case." Id. Westley made three unsuccessful attempts through a process server to serve Pukel in April and May 2012. See Plaintiff's Response, Exhibits 1-3. The last attempt was on May 9, 2012. Id. Based on these attempts and having to care for his elderly mother, Westley requested that the Court order the United States Marshals Service to serve his Summons and Complaint upon Pukel. Id., pp. 1-2.

Under Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5), insufficient service of process may be grounds for dismissal. See Fed. R. Civ. P. 12(b)(4), (5); see also Israel v. Aerotek Commercial Staffing, Civil No. 10-4370 (DSD/SER), 2011 WL 579340, at *1 n.2 (D. Minn. Feb. 09, 2011) ("Dismissal is also warranted under Federal Rules 12(b)(4) and 12(b)(5) because Israel never served Aerotek with a complaint.") Proof of service must be made to the Court via an affidavit from the server. See Fed. R. Civ. P. 4(l). The burden of establishing the validity of service of process falls on the plaintiff.

See Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1387 (8th Cir. 1995) (citation omitted).

Pursuant to Rules 4(c) and 4(m), a plaintiff is responsible for service of the Summons and Complaint upon a defendant within 120 days after the filing of the Complaint. A court may dismiss an action without prejudice if service is not made within this timeframe. Fed. R. Civ. P. 4(m).

With regard to service by a United States Marshal, Rule 4(c) provides:

> By a Marshal or Someone Specially Appointed. At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c).

In this case, the Complaint was filed on December 27, 2011. Under Rule 4(m), the deadline for service of the Summons and Complaint on the defendants was April 24, 2012.

The Court is well aware that Westley is proceeding pro se and is certainly willing to grant him some latitude because of this status. But more than two years has past and Pukal has not been served in a manner which consistent with the Federal of Civil Procedure. While Rule 4(m) requires this Court to extend time for service if Westley shows good cause for his failure to serve Pukel, Westley failed to provide good cause to the Court. To the contrary, he represented that he only tried to serve Pukel three times over a two-month period between April and May 2012. There is no reason why he could not have kept trying to serve Pukel through a process server while at the same time providing care to his mother. Moreover, the Court has no authority to grant

3

Westley's request to have the Marshall Service attempt to effectuate service on Pukel on his behalf given that he is not proceeding in forma pauperis in this matter. Based on this record, this Court has no grounds for providing him with any additional time to effectuate service.

Having determined that Pukel was not timely served with the Summons and Complaint, the Court concludes it lacks personal jurisdiction over him. See Hinz v. Washington Mutual Home Loans, Civil No. 03-3203 (DWF/JGL), 2004 WL 729239, at *2 (D. Minn., April 2, 2004) (in dismissing the complaint for insufficiency of service of process, the court recognized that the plaintiffs were "proceeding pro se in this matter, and may therefore not fully appreciate the procedural requirements of bringing a lawsuit in federal court. However, the Court is obligated to uphold the rights and protections afforded Defendants when those Defendants are brought before this Court."). Therefore, pursuant to Rule 4(m), the Complaint should be dismissed without prejudice as to defendant Pukel

Based on Westley's request that Ruiz be dismissed from the suit without prejudice, the Court recommends that this request be granted and she be dismissed from the suit without prejudice.

## II.   MOTION FOR DEFAULT JUDGMENT

Westley filed a motion for default judgment against defendants Mann and Korus because they have not responded to the Complaint within the time allotted for them to do so under the rules. Westley seeks to have judgment in his favor entered in the amount of sum $271,890.177 (plus interest) as to each defendant. See Affidavit in Support of Motion for Default Judgment against James Robert Mann [Docket No. 132];

Affidavit in Support of Motion for Default Judgment against Mitchell P. Korus [Docket No. 133].

The Federal Rules of Civil Procedure provide that default may be entered against a party who "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ." Fed. R. Civ. P. 55(a). However, a motion for default judgment must be preceded by an entry of default by the clerk of court. See Fed. R. Civ. P. 55(a) and (b); Johnson v. Dayton Electric Manufacturing Co., 140 F.3d 781, 783 (8th Cir. 1998) ("When a party has failed to plead or otherwise defend against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)) (citation omitted).[1]

---

[1] Rule 55 of the Federal Rules of Civil Procedure states in relevant part:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
>
> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a

Westley previously brought motions for entry of default entries of default by the Clerk of Court under Rule 55(a) against both Mann and Korus.  See Docket Nos. 36, 37, 51, 52.  These motions were denied for failure to comply with 50 App. U.S.C. § 521,[2]

---

> representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

Fed. R. Civ. P. 55.

[2]   50 App. U.S.C. § 521 provides:

> (a) Applicability of section
>
> This section applies to any civil action or proceeding, including any child custody proceeding, in which the defendant does not make an appearance.
>
> (b) Affidavit requirement
>
> (1) Plaintiff to file affidavit
>
> In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit—
>
> (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
>
> (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is

which requires that he address in his affidavit whether these defendants are in military service.  The affidavits Westley submitted to the Court in connection with his motion for default judgment still do not comply with 50 App. U.S.C. § 521.  Accordingly, the Clerk of Court cannot entertain a motion for entry of default until that is done.

Finally, while Korus has made an appearance in this action by virtue of his motion to dismiss [Docket No. 29], and included the Summons and Complaint as part of his moving papers [Docket No. 30], Westley has not provided proof of service of the Summons and Complaint on Korus, as he did for Mann [Docket No. 35].  In any event, even if Westley does supply proof of service of the Summons and Complaint on Korus, default judgment cannot be entered against Korus under Rule 55(a) because of his appearance in this action by virtue of his motion to dismiss.  See Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n, 874 F.2d 274, 277 (5th Cir. 1989) (finding that the "filing of a motion to dismiss is normally considered to constitute an appearance for the purposes of "requiring compliance with the provisions of Rule 55(b)(2) (citing Mason v. Utley, 259 F.2d 484, 485 (9th Cir.1958); 6 Moore's Federal Practice ¶ 55.05[3], p. 55-27).  This is because a motion for default judgment against a person who has made an appearance in the case is governed by Rule 55(b)(2), and not Rule 55(a).  Rule 55(b)(2) provides: "If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing."  Fed. R. Civ. P. 55(b)(2).  Here, Korus is proceeding pro se, he has not applied for the ability to file

---

unable to determine whether or not the defendant is in military service.

50 App. U.S.C.A. § 521.

electronically or consented to electronic service, and there is no evidence in the file that Westley served the present motion for default judgment on Korus.

Therefore, the motion for default judgment against Mann and Korus is denied without prejudice and cannot be entertained until (1) Westley has obtained and entry of default with the Clerk of Court against these defendants which complies with Rule 55(a) and 50 App. U.S.C. § 521, and (2) Westley provides proof that the Summons and Complaint have been served on Korus (i.e., affidavit from a service processor).

Once Westley has obtained an entry of default against these defendants from the Clerk of Court, he may move for default judgment with the Clerk of Court as to Mann, ensuring that his papers comply with Rule 55(b)(1). To order to obtain default judgment against Korus, Westley will need to bring a motion for default judgment before the Court, and ensure that Korus receives proper notice of this motion as set forth in Rule 55(b)(2).

## III.   RECOMMENDATION

For the reasons set forth above, it is recommended that:

1.   Plaintiff's Motion for the Entry of a Judgment by Default against the Defendants James Robert Mann and Mitchell P. Korus [Docket No. 131] be **DENIED** without prejudice.

2   The Complaint as to defendants Dylan Pukel and Jennifer Viciedo Ruiz be dismissed **WITHOUT PREJUDICE**.

Dated:     March 17, 2014

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 31, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this Rules shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.