UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John D. Westley,

      Plaintiff,

v.

James Robert Mann, Mitchell P. Korus,
Steven P. Kalka, Max Sklar, Wayne M.
Pathman, Dylan Pukel, Victoria Sigler,
Jennifer Viciedo Ruiz, Micheal Thomas
Tilson, City of Miami Beach, and Silver Hill
Financial,

      Defendants.

Civil No. 11-3704 (JNE/JSM)
ORDER

     John Westley, proceeding pro se, brought this action against several individuals, a city, and a lender in December 2011. In September 2012, the Court dismissed the action against Michael Tilson Thomas,[1] Victoria Sigler, the City of Miami Beach, Max Sklar, Steven P. Kalka, and Silver Hill Financial. The next month, Westley appealed, and the United States Court of Appeals for the Eighth Circuit dismissed the appeal for lack of jurisdiction. In December 2012, the Court dismissed the action against Wayne Pathman.

     Nothing appeared on the docket for eight months. In August 2013, the magistrate judge ordered Westley to show cause why the case should not be dismissed for failure to prosecute it against the remaining defendants. The magistrate judge noted that Westley had not served the Summons and Complaint on Dylan Pukel[2] or Jennifer Viciedo Ruiz,

---

[1]     Westley misnamed "Micheal Thomas Tilson" as a defendant.

[2]     Westley sought the entry of Pukel's default in July 2012, but Westley did not demonstrate that Pukel had been served. *See* Fed. R. Civ. P. 4(e).

that Westley had served the Summons and Complaint on James Robert Mann and Mitchell Korus, that Mann had not entered an appearance, and that Korus had entered an appearance.

Westley responded to the order to show case and moved for default judgments against Mann and Korus.  In his response, he stated that he "has been a regular primary caregiver providing for his elderly mother thereby preventing time and resources required to make continued accurate and meritorious pleading to the Court" since January 2013; that "[a]s of August 2013, Plaintiff and related siblings have retained 24/7 live in assisted caregiving services for elderly parents allowing the required time for due process prosecution of the issues and matters outlined in the Complaint and related pleadings in this action"; that he "has now compiled compensatory damage information and filed Supporting Affidavits and a Motion for Default Judgments against Defendants James Robert Mann and Mitchell P. Korus demonstrating prosecution in this case"; that he "retained several process servers and the Miami Dade County Sheriff's Department to serve the Complaint and Summons" on Pukel, who "repeatedly evaded and denied acceptance of service preventing due process prosecution in this case"; that a U.S. marshal should be ordered to serve Pukel; and that Ruiz should be "[r]emov[ed] without prejudice."

*Pukel*

An action may be dismissed without prejudice against a defendant if the plaintiff fails to serve the defendant within 120 days after the complaint is filed:

If a defendant is not served within 120 days after the complaint is
filed, the court—on motion or on its own after notice to the plaintiff—must
dismiss the action without prejudice against that defendant or order that
service be made within a specified time.  But if the plaintiff shows good
cause for the failure, the court must extend the time for service for an
appropriate period.

Fed. R. Civ. P. 4(m).  "Under Rule 4(m), the district court must determine whether good

cause exists for the plaintiff's failure to serve the defendant within the 120-day deadline,

not whether good cause exists for an extension of time to complete service."  *Kurka v.

Iowa Cnty., Iowa*, 628 F.3d 953, 958 (8th Cir. 2010).  If the plaintiff fails to show good

cause, the district court may extend the time for service if the plaintiff establishes

excusable neglect.  *Id.* at 957.

Westley brought this action in December 2011.  A summons was issued on the

same day that Pukel filed the Complaint.  In early April 2012, a process server attempted

to serve Pukel at Pukel's office.  A receptionist told the process server that Pukel was not

at the office.  Two weeks later, the process server unsuccessfully attempted to serve

Pukel, who was not at his office.  In May 2012, the process server called Pukel, who

declined to make any arrangement for service.  Notified in August 2013 of his failure to

serve Pukel, Westley made no further attempt to serve Pukel.  Instead, he requested that

service be made by a U.S. marshal.  *See* Fed. R. Civ. P. 4(c)(3).  He also noted that he has

been the primary caregiver for his elderly mother since January 2013, "thereby

preventing time and resources required to make continued accurate and meritorious

pleading to the Court."

Although Westley is pro se, his two unsuccessful attempts to serve Pukel at

Pukel's office toward the end of the 120-day period do not demonstrate good cause for the failure to serve Pukel.  Westley's efforts to serve Pukel ended a short time after the deadline established by Rule 4(m).  Westley did not devote any "time" or "resources" to the litigation for most of 2013, and he made no attempt to serve Pukel after the magistrate judge had noted the failure to serve Pukel.  A discretionary extension is not warranted.  *See Kurka*, 628 F.3d at 959.  Although the Court may "order that service be made by a United States marshal, even when a plaintiff does not qualify to proceed in forma pauperis," *Yates v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011), the Court declines to order service by a U.S. marshal approximately two years after Westley should have served—and last attempted to serve—Pukel.  The Court dismisses the action without prejudice against Pukel.  *See Williams v. Illinois*, 737 F.3d 473, 476 (7th Cir. 2013) (stating that "a court has the discretion to dismiss for want of prosecution if the plaintiff's delay in obtaining service is so long that it signifies failure to prosecute"); *Braxton v. Bi-State Dev. Agency*, 728 F.2d 1105, 1107 (8th Cir. 1984) ("Not only was there no showing of compliance with the pretrial order but there was failure to obtain service on the union, which can be considered as a failure to prosecute.").

### *Ruiz*

Westley "request[ed] the [r]emoval without prejudice for Defendant Ruiz in this action based upon the rulings pending before the Court."  In light of Westley's failure to serve Ruiz and his apparent request to dismiss her, the Court dismisses the action without prejudice against Ruiz.  *See* Fed. R. Civ. P. 4(m).

*Korus*

Westley served Korus in February 2012.  That month, Korus, proceeding pro se, moved to dismiss due to lack of jurisdiction.  The Court referred Korus's motion to the magistrate judge, who ordered Korus to file a motion that complies with D. Minn. LR 7.1(b)(1).  Korus did not file such a motion.  Westley sought the entry of Korus's default. The clerk denied Westley's request because Westley had not addressed whether Korus was in military service.  Approximately one week later, Westley submitted a declaration that stated he had found no records of military service for Korus.  In June 2012, Westley submitted an "Entry of Default," which requested the entry of Korus's default, stated that default was entered against Korus, and contained a blank signature line above "Clerk Of Court."  In August 2012, Korus's motion was denied because Korus had not filed a motion in compliance with D. Minn. LR 7.1.  One year later, the magistrate judge ordered Westley to show cause why the case should not be dismissed for failure to prosecute. Westley responded by asserting that his motion for default judgment, which was filed in September 2013, demonstrated prosecution of the case against Korus and that Westley could not devote "time and resources" to this case because he was caring for his mother since January 2013.

Westley has not shown cause for his failure to prosecute the case against Korus. In spring 2012, Westley unsuccessfully sought the entry of Korus's default.  But Korus does not appear to be in default.  *See* Fed. R. Civ. P. 55(a).  Early in the litigation, Korus, proceeding pro se, appeared by filing a motion to dismiss.  In his motion, Korus simply denied most of the allegations of Westley's complaint.  Construed liberally, Korus's

motion evinces an intent to defend.  *Cf.* Fed. R. Civ. P. 8(b)(1) ("In responding to a

pleading, a party must . . . admit or deny the allegations asserted against it by an opposing

party."); *Johnson v. Arden*, 614 F.3d 785, 798 (8th Cir. 2010) (construing pro se

pleadings broadly).  After his unsuccessful attempt to obtain the entry of Korus's default

in spring 2012, more than one year passed before Westley took any action with respect to

his claims against Korus.  For most of that time, Westley acknowledged that he was not

devoting "time and resources" to the litigation.  The action that Westley took in late

summer 2013 with respect to Korus was a motion for default judgment, but Korus's

default had not been entered.  *See* Fed. R. Civ. P. 55(a); *Johnson v. Dayton Elec. Mfg.*

*Co.*, 140 F.3d 781, 783 (8th Cir. 1998).  And, again, it does not appear that Korus is in

default.  Westley failed to show cause for his failure to prosecute his claims against

Korus.  The Court dismisses without prejudice the action against Korus.  *See* Fed. R. Civ.

P. 41(b); *Smith v. Gold Dust Casino*, 526 F.3d 402, 404-05 (8th Cir. 2008).

*Mann*

Westley served Mann in January 2012.  In March 2012, Westley sought the entry

of Mann's default.  The next month, the clerk denied Westley's request because Westley

had not addressed whether Mann was in military service.  Approximately one week later,

Westley submitted a declaration that stated he had found no records of military service

for Mann.  In June 2012, Westley submitted an "Entry of Default," which requested the

entry of Mann's default, stated that default was entered against Mann, and contained a

blank signature line above "Clerk Of Court."  More than 14 months later, the magistrate

judge ordered Westley to show cause why the case should not be dismissed for failure to

prosecute.  Westley responded by asserting that his motion for default judgment, which was filed in September 2013, demonstrated prosecution of the case against Mann and that Westley could not devote "time and resources" to this case because he was caring for his mother since January 2013.

Westley has not shown cause for his failure to prosecute the case against Mann.  In spring 2012, Westley unsuccessfully sought the entry of Mann's default.  After his unsuccessful attempt to obtain the entry of Mann's default in spring 2012, more than one year passed before Westley took any action with respect to his claims against Mann.  For most of that time, Westley acknowledged that he was not devoting "time and resources" to the litigation.  The action that Westley took in late summer 2013 with respect to Mann was a motion for default judgment, but Mann's default had not been entered.  *See* Fed. R. Civ. P. 55(a); *Johnson*, 140 F.3d at 783.  Westley failed to show cause for his failure to prosecute his claims against Mann.  The Court dismisses without prejudice the action against Mann.  *See* Fed. R. Civ. P. 41(b); *Smith*, 526 F.3d at 404-05.

### Conclusion

The Court dismisses the action against Pukel, Ruiz, Korus, and Mann without prejudice.  The Court denies Westley's motion for default judgments against Mann and Korus.[3]  To the extent the Report and Recommendation [Docket No. 136] is consistent with this Order, it is adopted.

---

[3]      The Court notes that an inquiry into the issue of personal jurisdiction might reveal that entry of a default judgment is impermissible.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011).

Based on the files, records, and proceedings herein, and for the reasons stated

above, IT IS ORDERED THAT:

1.   Westley's motion for default judgments against Mann and Korus [Docket No. 131] is DENIED.

2.   As to James Robert Mann, Mitchell P. Korus, Steven P. Kalka, Max Sklar, Wayne M. Pathman, Dylan Pukel, Victoria Sigler, Jennifer Viciedo Ruiz, Michael Tilson Thomas, and the City of Miami Beach, this action is DISMISSED WITHOUT PREJUDICE.

3.   All claims against Silver Hill Financial pertaining to fraud in the inducement (and associated claims of breach of contract, breach of a fiduciary duty and unjust enrichment) related to Westley's guaranty of the purchase and financing of the Property are barred under the doctrine of res judicata and are DISMISSED WITH PREJUDICE.  Any purported claims against Silver Hill Financial under OSHA, TILA, FERA, the "Federal UCC," the "Federal UBC," wire and mail fraud statutes (18 U.S.C. § 1341 and 18 U.S.C. § 1343), and USERRA are DISMISSED WITH PREJUDICE.  The remaining claims against Silver Hill Financial pertaining to "Federal Civil Rights," RICO, the ADA, and the FCRA are DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 22, 2014

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge